NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0867n.06
Filed: December 19, 2007

No. 07-1269

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| DEON MONTE CAMPBELL, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

Before: **BOGGS**, Chief Circuit Judge, **KENNEDY**, Circuit Judge, and **JORDAN**, District Judge[*]

**LEON JORDAN**, District Judge. This is an appeal from a sentence imposed following the defendant's guilty plea to being a felon in possession of a firearm. The defendant contends that the district court erred when it added four levels to his base offense level for possessing a firearm in connection with another felony offense. For the following reasons, we **AFFIRM**.

**I. Background**

_____

[*]The Honorable Leon Jordan, Senior United States District Judge for the Eastern District of Tennessee, sitting by designation.

The defendant Deon Monte Campbell was charged in a two-count indictment with being a felon in possession of a firearm and possession with the intent to distribute cocaine base (crack). The defendant pled guilty to the felon in possession charge and was sentenced to 120 months in prison followed by three years of supervised release. The 120-month sentence was the statutory maximum for the offense of conviction and the bottom of the guideline range (120-150 months).

At sentencing, the defendant objected to the probation officer's recommendation that his base offense level be enhanced by four levels because the firearm was found with crack cocaine. The loaded and recently stolen firearm was found wrapped in a piece of cloth[1] in the trunk of the car the defendant was driving and, as found by the district court, in "very close proximity to the rather large stash of crack cocaine." The defendant also had fifteen rocks of crack cocaine in his coat pocket and a large amount of cash in his pants pocket. The defendant did not dispute that the firearm and a large quantity of crack cocaine were found in the trunk or that he planned to distribute the crack cocaine. Rather, the defendant's argument was that the placement of the firearm and crack cocaine together in the trunk was a coincidence, and the firearm was not easily accessible. In overruling the defendant's objection, the district court found that the firearm was part of the "transactional behavior" of the defendant and that the firearm was possessed "in connection" with another felony. *See* USSG § 2K2.1(b)(6) ("If defendant used or

---

[1] In the record, the piece of cloth is referred to as a "do rag."

possessed any firearm . . . in connection with another felony offense . . . increase by 4 levels.").

## II. Analysis

Our review of a district court's factual findings is for clear error, but whether the district court correctly applied the facts to the guidelines is a mixed question of law and fact that this court reviews *de novo*. *See United States v. Layne*, 324 F.3d 464, 468 (6th Cir. 2003). The government has the burden of proving by a preponderance of the evidence that the firearm was possessed "in connection" with another felony in order for the four-level enhancement to apply. *See United States v. Hardin*, 248 F.3d 489, 495 (6th Cir. 2001). The commentary to § 2K2.1(b)(6) provides that the four-level enhancement applies if the firearm "facilitated, or had the potential of facilitating, another felony offense." USSG § 2K2.1 comment. n. (14(A)) (2006). Further, the commentary states that the four-level enhancement applies "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs . . . because the presence of the firearm has the potential of facilitating another felony offense." *Id.* at (n.14(B)). However, mere proof that the firearm and drugs are in the same place does not, *ipso facto*, support application of the enhancement. *Hardin*, 248 F.3d at 495-96.

The defendant argues that the district court erred in not weighing more heavily the fact that the firearm was outside his range of access because it was locked in the trunk. The district court recognized that accessibility was one factor to be

3

considered, *see Hardin*, 248 F.3d at 498-99, but found that the drugs in the defendant's pocket and the drugs in the trunk of the car were all part of the defendant's drug trafficking. The firearm would be accessible when the defendant retrieved crack cocaine from the trunk. This fact, along with defendant's admission that he possessed the crack cocaine with the intent to distribute it, was a sufficient basis for enhancing the defendant's sentence by four levels.

We agree that the government met its burden of establishing the connection between the firearm and the defendant's drug trafficking, and the district court did not err in applying the four-level firearm enhancement. The judgment of the district court is **AFFIRMED**.