NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0393n.06

No. 07-5268

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Jun 02, 2009**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee,* | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | | |
| MARIO HYMON, | | **O P I N I O N** |
| | | |
| *Defendant-Appellant.* | | |

BEFORE:     KEITH, COLE, and WHITE, Circuit Judges.

**COLE, Circuit Judge.** Defendant-Appellant Mario Hymon, a federal prisoner, appeals his sentenced imposed after he pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Hymon argues that the district court erred in sentencing by increasing his base offense four levels under United States Sentencing Guidelines ("Guidelines" or "USSG") § 2K2.1(b)(6) and that the court violated his Sixth Amendment right by making findings of fact at the sentencing hearing, and using these factual findings to increase his sentence. For the reasons set forth below, we **VACATE** Hymon's sentence and **REMAND** to the district court.

## I. BACKGROUND

On February 21, 2006, a federal grand jury returned a one count indictment charging Hymon with being a felon in possession of a firearm after a police search of Hymon's residence uncovered a Bushmaster .223 caliber assault rifle. During the same search, police found 8.2 grams of marijuana

and 1.6 grams of cocaine. Hymon did not dispute possession of either the drugs or the weapon, and he subsequently pleaded guilty to the charge.

A Presentence Investigation Report ("PSR") was prepared, recommending a base offense level of twenty-four, increased by four levels because the firearm was possessed in connection with another felony offense, and decreased by three levels for Hymon's acceptance of responsibility. *See* USSG §§ 2K2.1(a)(2), (b)(6), and 3E1.1. The PSR indicated that Hymon had three prior felony convictions for drug dealing and that firearms were involved in two of these cases, resulting in a criminal history category of VI. With the resulting offense level of twenty-five and a criminal history category of VI, the PSR reflected an advisory Guidelines range of 110-137 months' imprisonment.

Hymon filed an objection to the PSR on two grounds: (1) the four-level enhancement for possessing a firearm in connection with another felony offense was "contrary to current law"; and (2) the facts did not support a finding that he possessed a firearm in connection with another felony under USSG § 2K2.1(b)(6) because the amount of drugs found at Hymon's residence established personal use rather than trafficking.

At the sentencing hearing, the district court concluded that the facts supported a finding that Hymon possessed the weapon in connection with trafficking in marijuana and cocaine—a felony offense under Tennessee law—and rejected Hymon's Sixth Amendment arguments, finding that the four-level enhancement was not contrary to law. After determining that the Guidelines provided a sentencing range of 110-120 months' imprisonment, the district court imposed a sentence of 115 months' imprisonment and two years of supervised release. This appeal followed.

## II. ANALYSIS

Hymon appeals his sentence on two grounds. First, he argues that the district court committed error in increasing his base offense by four levels for possession of a firearm in connection with another felony offense under USSG § 2K2.1(b)(6). Second, Hymon argues that the district court violated his Sixth Amendment right by basing his USSG § 2K2.1(b)(6) enhancement on judicially found facts.

### A. Standard of review

This Court reviews a district court's factual findings underlying a sentencing decision for clear error and gives due deference to the district court's application of the Guidelines to a particular factual situation. *United States v. Ennenga*, 263 F.3d 499, 502 (6th Cir. 2001) (citation omitted). We review de novo matters that present strictly a question of law concerning the application of the Guidelines. *See United States v. Canestraro*, 282 F.3d 427, 431 (6th Cir. 2002).

### B. USSG § 2K2.1(b)(6)'s four-level enhancement

Guidelines § 2K2.1(b)(6) instructs a court to increase a defendant's base offense level by four "[i]f the defendant used or possessed any firearm or ammunition *in connection with* another felony offense." USSG § 2K2.1(b)(6) (emphasis added). The burden of proof for the enhancement under this section falls on the government. *United States v. Goodman*, 519 F.3d 310, 321 (6th Cir. 2008).

We conclude that the district court erred in applying the enhancement without determining whether the weapon Hymon possessed was connected to the drug-trafficking offense. For § 2K2.1(b)(6) to apply, the Government must establish, by a preponderance of the evidence, a nexus between the firearm and, in this case, trafficking in drugs. *See United States v. Burns*, 498 F.3d 578,

580 (6th Cir. 2007), *cert. denied*, 128 S. Ct. 1104 (2008). In those cases where the felony is a drug trafficking offense, the firearm must be found "in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." USSG § 2K2.1, comment n.14(B). "[P]ossession of firearms that is merely coincidental to the underlying felony offense is insufficient to support the application of § 2K2.1." *Goodman*, 519 F.3d at 321 (quoting *Ennenga*, 263 F.3d at 503).

The Government argues that the totality of the circumstances, as described in the PSR, supports the district court's application of § 2K2.1(b)(6). But Hymon's PSR sets forth no facts about the location of the weapon in Hymon's residence, its proximity to the drugs or drug paraphernalia, or whether it appeared that Hymon was using the weapon to protect the drugs. Similarly, the district court failed to address this element of § 2K2.1(b)(6) at the hearing, other than to note that Hymon admitted owning the gun. For these reasons, this portion of the district court's sentencing decision is in error and Hymon's case must be remanded for resentencing.

## C.    The Sixth Amendment

Because we conclude that the district court erred in its application of USSG § 2K2.1(b)(6), Hymon's Sixth Amendment argument is moot.

## III. CONCLUSION

For all these reasons, Hymon's sentence is **VACATED**, and we **REMAND** the case for resentencing in accordance with this opinion.