**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0637n.06

**No. 09-4147**

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| ISIDORO MOJICA, | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

**FILED**

*Aug 29, 2011*

LEONARD GREEN, Clerk

Before:  COLE and STRANCH, Circuit Judges; ZATKOFF, District Judge.[*]


**ZATKOFF, District Judge**.  Defendant-Appellant Isidoro Mojica appeals his sentence of 57 months for possession of cocaine with intent to distribute and being a felon in possession of a firearm.  Although 57 months is at the very bottom of the advisory Guidelines range calculated by the district court, Mojica contends that the district court erred when it applied a four-level sentencing enhancement under U.S.S.G. § 2K2.1(b)(6).  For the reasons that follow, this Court **AFFIRMS** the district court's sentence of 57 months.


## I.  BACKGROUND


---

[*]The Honorable Lawrence P. Zatkoff, United States District Court for the Eastern District of Michigan, sitting by designation.

The facts of this case are not disputed. In November 2006, Mojica was convicted of felonious drug trafficking in the Cuyahoga (Ohio) Common Pleas Court. In early March 2008, Mojica purchased a Taurus model PT-III Pro 9mm pistol at a gun store using false identification. In June 2008, Mojica left his wife and children and began living at the home of his girlfriend, Selenas Rosada. Rosada stated that she found the firearm by their bed while vacuuming the home on September 1, 2008. Rosada stated that, on the same day, she asked Mojica to remove the gun from the house, and Mojica agreed. Nonetheless, on September 3, 2008, after obtaining consent from Rosada to search her home, police found the unloaded 9mm pistol and ten rounds of Luger 9mm ammunition on the floor under the night stand in the bedroom where Mojica slept. The police also found: (1) an electronic scale and residual amounts of cocaine in a dresser drawer in Mojica's bedroom, (2) cocaine and a second electronic scale in a box on an upper shelf in a closet in Mojica's bedroom, and (3) tools allegedly used for cutting and re-packaging cocaine in a room across the hall from Mojica's bedroom. In total, police seized 63.4 grams of cocaine from Mojica's bedroom. The 9mm pistol and ten rounds of ammunition were less than 10 feet away from the cocaine and the electronic scales.

Mojica was charged with, and he pleaded guilty without the benefit of a plea agreement to, being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and possessing cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c). The final presentence investigation report for Mojica recommended a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6), to which Mojica objected. At the sentencing hearing, the district court heard argument for and against the four-level enhancement, as well as testimony from Rosada and Mojica's

2

wife, Janette Ortiz, on Mojica's behalf. The district court rejected Mojica's argument and applied the four-level enhancement to the base offense level of 20. After awarding a three-level reduction for acceptance of responsibility, the district court determined that Mojica's total offense level was 21. Together with a criminal history category IV, the district court calculated an advisory guideline range of 57-71 months for Mojica's offenses. The district court sentenced Mojica to 57 months imprisonment on each count, to be served concurrently.

## II. STANDARD OF REVIEW

This Court "review[s] a district court's calculation of the advisory sentencing Guidelines as part of an obligation to determine whether the district court imposed a sentence that is procedurally unreasonable." *United States v. Angel*, 576 F.3d 318, 320 (6th Cir. 2009) (quoting *United States v. Bullock*, 526 F.3d 312, 315 (6th Cir. 2008)). When reviewing a sentence, this Court reviews the district court's factual findings for clear error and its legal conclusions de novo. *Bullock*, 526 F.3d at 315-16. In a recent and factually similar case, this Court analyzed case precedent and articulated the specific standard of review applicable to a district court's determination that the § 2K2.1 enhancement applies. *See United States v. Taylor*, No. 09-1961, 2011 WL 2184325, at *11 (6th Cir. 2011). This Court reviews the district court's factual findings for clear error, and accords "due deference" to the district court's determination that the firearm was used or possessed "in connection with" the other felony, thus warranting the application of the U.S.S.G. § 2K2.1(b)(6) enhancement. *Id*.

## III. ANALYSIS

A sentencing court may apply a four-level enhancement under U.S.S.G. § 2K2.1(b)(6) "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." *Id*. To apply the § 2K2.1(b)(6) enhancement, the sentencing court must find that the government has established, by a preponderance of the evidence, that the defendant: (1) committed another felony offense, and (2) used or possessed a firearm in connection with that offense. *United States v. Gates*, 461 F.3d 703, 707 (6th Cir. 2006). As Mojica pleaded guilty to possession of cocaine with the intent to distribute, the first element has been satisfied. Mojica argues, however, that the district court's application of U.S.S.G. § 2K2.1(b)(6) was procedurally unreasonable because there was not sufficient evidence to support a connection between the 9mm pistol found in Mojica's bedroom and the cocaine he possessed with the intent to distribute.

"Although the Guidelines do not define the phrase 'in connection with' set forth in § 2K2.1(b)(6), the accompanying Commentary . . . explain[s] that subsection (b)(6) applies 'if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense.'" *Angel*, 576 F.3d at 320 (quoting U.S.S.G. § 2K2.1(b)(6), n.14(A) (2007)); *see also Taylor*, 2011 WL 2184325, at *11. This Court has recognized that "demonstrating this nexus is not a particularly onerous burden." *United States v. Davis*, 372 F. App'x 628, 629 (6th Cir. 2010). Close proximity is not dispositive as "[s]imultaneous but coincidental possession of firearms and drugs" alone does not support a § 2K2.1(b)(6) enhancement. *Davis*, 372 F. App'x at 530 (citing *Angel*, 576 F.3d at 321). Likewise, "[m]ere proof that the firearm and drugs are in the same place does not, *ipso facto*, support application of the enhancement." *United States v. Campbell*, 257 F. App'x 981, 982 (6th Cir. 2007); *see also Hardin*, 248 F.3d at 495-96 ("mere[] . . . proof that narcotics and firearms were

4

present in the same residence, or even in the same room," does not necessarily support a § 2K2.1(b)(6) enhancement). Nonetheless, the government need only "establish that there was a nexus between the firearm and the other felony offense that is more than coincidental." *United States v. Huffman*, 461 F.3d 777, 788 (6th Cir. 2006).

This Court has adopted the "fortress theory" for purposes of determining whether the "in connection with" language of U.S.S.G. § 2K2.1(b)(6) has been satisfied. Under the fortress theory, "a sufficient connection is established if it reasonably appears that the firearms found on the premises controlled or owned by a defendant and in his actual or construction possession are to be used to protect the drugs or otherwise facilitate a drug transaction." *Angel*, 576 F.3d at 321 (citation and internal quotation marks omitted). Likewise, this Court has concluded that a "firearm . . . found in the same room where . . . cocaine [i]s stored can lead to the justifiable conclusion that the gun was used in connection with the felony." *Hardin*, 248 F.3d at 498-99 (footnote omitted); *see also Davis*, 372 F. App'x at 629 ("the [four-level] enhancement applies 'in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs' . . . 'because the presence of the firearm has the potential of facilitating another felony offense.'") (quoting U.S.S.G. § 2K2.1(b)(6), n.14(B)).

In this case, the Court finds that the government met its burden of showing, by a preponderance of the evidence, that the 9mm pistol was used "in connection with" drug trafficking. The undisputed evidence is that: (1) the 9mm pistol and ten rounds of ammunition were located on the floor under the night stand in Mojica's bedroom, less than 10 feet away from the electronic scales and cocaine, and (2) tools used for cutting and re-packaging cocaine were in a room across the hall. Based on this evidence, the Court concludes that the 9mm pistol owned by Mojica reasonably

5

appeared to be used to protect the cocaine and had an emboldening role in Mojica's intent to traffic the cocaine. *See Angel*, 576 F.3d at 321. As this Court has stated:

> While it may not be uncommon for people to keep weapons in their bedrooms out of general concern for personal safety, it is not common for people to stash a large supply of drugs in the bedroom where they have their firearm at the ready. The defendant chose the location for the drugs and the gun–and that combination provides the factual support for this enhancement.

*Hardin*, 248 F.3d at 500.

The fact that the firearm was not in the exact same location as the drugs (as was the case in *Hardin*) is not significant. The government is not required to show that a defendant "had both the gun and the cocaine on his person, or that he was holding the gun while selling the cocaine, or that he confessed that he was using the gun to protect the cocaine." *Id.* at 495. As defense counsel has acknowledged, the firearm was accessible to someone in the bed or within the bedroom. Nor has this Court "read the term 'in connection with' to require additional evidence beyond that presented here." *Id.* Rather, in this case, as in *Hardin*, "it cannot be denied that the bedroom was the stash location for the cocaine, and that a readily accessible firearm was there if needed to protect the cocaine." *Id*. at 500.

For the foregoing reasons, this Court finds that the district court appropriately applied the four-level enhancement pursuant to § 2K2.1(b)(6). *Id.* (holding that the fortress theory applied where a firearm and marijuana were found on a night stand, and cocaine was found in the same room, as defendant had "easy access" to the firearm); U.S.S.G. § 2K2.1(b)(6), n.14(B) (Subsection[] (b)(6) . . . appl[ies] . . . (ii) in the case of a drug trafficking offense in which a firearm is found in close

proximity to the drugs[.]").  The Court also finds that the advisory Guidelines were calculated correctly and that Mojica's sentence was not procedurally unreasonable.

Finally, this Court concludes that Mojica's sentence was substantively reasonable.  Mojica was sentenced at the very bottom of the applicable advisory Guidelines range.  A sentence within the advisory Guidelines range is afforded a rebuttable presumption of reasonableness, *Rita v. United States*, 551 U.S. 338, 347 (2007), and Mojica has not challenged the substantive reasonableness of his sentence.

## IV.  CONCLUSION

For the reasons stated, the sentence imposed by the district court is **AFFIRMED**.