**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0666n.06

No. 13-6488

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Aug 26, 2014
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE EASTERN DISTRICT OF |
| SHAMMAH JAMEL ISRAEL, aka Shammah | ) KENTUCKY |
| Jamel Mason, | ) |
| | ) |
|     Defendant-Appellant. | ) |
| | ) |

BEFORE: BOGGS and DONALD, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM. Shammah Jamel Israel pleaded guilty without a plea agreement to possession of firearms by a felon, in violation of 18 U.S.C. § 922(g)(1). At sentencing, Israel objected to a four-level enhancement of his base offense level under USSG § 2K2.1(b)(6)(B) for possessing the firearms in connection with another felony offense—drug trafficking. The district court overruled Israel's objection and sentenced him to 40 months of imprisonment, varying downward from a guidelines range of 46 to 57 months of imprisonment.

On appeal, Israel contends that there was an insufficient evidentiary basis for the district court's application of USSG § 2K2.1(b)(6)(B), which provides for a four-level enhancement if the defendant "[u]sed or possessed any firearm . . . in connection with another felony offense." USSG § 2K2.1(b)(6)(B). "[W]e review the district court's factual findings for clear error, and

---

[*]The Honorable Denise Page Hood, United States District Judge for the Eastern District of Michigan, sitting by designation.

accord 'due deference' to the district court's determination that the firearm was used or possessed 'in connection with' the other felony, thus warranting the application of the U.S.S.G. § 2K2.1(b)(6) enhancement." *United States v. Taylor*, 648 F.3d 417, 432 (6th Cir. 2011). Whether there is a sufficient "nexus between the firearm and the felony . . . is a fact-specific inquiry." *Id.* at 431 (internal quotation marks omitted).

The four-level enhancement under USSG § 2K2.1(b)(6)(B) applies "if the firearm . . . facilitated, *or had the potential of facilitating*, another felony offense." USSG § 2K2.1, comment. (n.14(A)) (emphasis added). With respect to a drug trafficking offense, the enhancement should apply if the "firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." *Id.* comment. (n.14(B)). "Under the so-called 'fortress theory,' which this circuit has adopted, a sufficient connection is established if it reasonably appears that the firearms found on the premises controlled or owned by a defendant and in his actual or constructive possession are to be used to protect the drugs or otherwise facilitate a drug transaction." *United States v. Angel*, 576 F.3d 318, 321 (6th Cir. 2009) (internal quotation marks omitted). "Put differently, § 2K2.1 applies if the firearm had some emboldening role in a defendant's felonious conduct." *Id.* (internal quotation marks and brackets omitted).

According to the presentence report, a confidential informant made controlled buys of cocaine from Israel on four dates: August 17, September 7, and October 19, 2011, and March 13, 2012. Two of those controlled buys took place at Israel's residence. On November 7, 2012, law enforcement executed a search warrant at Israel's residence, where he was located sleeping in a bedroom. The officers found a plastic baggie containing cocaine inside the pocket of Israel's pants lying on the bedroom floor. Multiple sets of scales with residue were found in the residence. The officers also discovered two loaded firearms: (1) a Velocity LLC, Model

VMAC9, 9x19-caliber semi-automatic pistol with an attached large-capacity magazine under a couch cushion in the living room and (2) a Hi Point, Model JHP, .45-caliber semi-automatic pistol with an attached magazine under a mattress in another bedroom. Numerous rounds of ammunition were found: approximately 50 rounds of .45-caliber ammunition and 225 rounds of 9-mm ammunition. In response to Israel's objections to the presentence report, the probation officer noted that the search also resulted in the seizure of video-surveillance equipment and $1,047 in cash.

The district court found that Israel possessed the firearms in connection with drug trafficking, noting that there had been a number of controlled buys from Israel, that he was in possession of cocaine when the search warrant was executed, that the firearms were hidden, that there was "a lot" of ammunition, and that scales and other indicia of drug trafficking were found. The district court expressed concern about Israel's possession of a firearm with a large capacity magazine: "I really don't know why anybody would have one of those for any reason." *See Taylor*, 648 F.3d at 433 (holding that "the type of firearm and whether it is loaded are also considerations").

Israel argues that the temporal remoteness of his prior drug trafficking minimizes the connection between the firearms and drug trafficking. Although there was an eight-month gap between the last controlled buy and the execution of the search warrant, Israel's possession of cocaine, multiple sets of scales with residue, video-surveillance equipment, and a large amount of cash provided evidence of current drug trafficking. Israel also contends that the recovery of the firearms from rooms other than where he was sleeping undermines the connection between the firearms and drug trafficking. As the probation officer pointed out, Israel's presence in a room without a firearm could be attributed to the early hour at which the search warrant was

executed. One of the loaded firearms—a semi-automatic pistol with an attached large-capacity magazine—was hidden under a couch cushion in the living room, making it easily accessible and supporting the "fortress theory." According to Israel, this case is most factually analogous to *United States v. Hymon*, 333 F. App'x 40 (6th Cir. 2009), in which this court held that the district court erred in applying the four-level enhancement under USSG § 2K2.1(b)(6)(B). In that case, however, the presentence report "set[] forth no facts about the location of the weapon in [the defendant's] residence, its proximity to the drugs or drug paraphernalia, or whether it appeared that [the defendant] was using the weapon to protect the drugs. The district court also did not address this element of § 2K2.1(b)(6) at the hearing, other than to note that [the defendant] admitted owning the gun." *Id*. at 42. In contrast, the district court in this case addressed the location of the loaded firearms—hidden under a couch cushion and under a mattress—as well as the presence of numerous rounds of ammunition, multiple scales with residue, and other indicia of drug trafficking.

Our review is not de novo. As noted, we give due deference to the district court's determination that Israel possessed the firearms in connection with drug trafficking. We affirm the application of the four-level enhancement under USSG § 2K2.1(b)(6)(B).