NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0764n.06

Case No. 14-5231

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

FILED
Oct 03, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| JOHNNY R. MOORE, JR., | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: SILER, CLAY, and GRIFFIN, Circuit Judges.

SILER, Circuit Judge. Johnny Moore pled guilty, without a plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and possession of an illegally altered firearm, in violation of 26 U.S.C. §§ 5822, 5861(b), and 5871. At sentencing, he objected to a four-level enhancement of his base offense level under USSG § 2K2.1(b)(6)(B) for possessing a firearm in connection with another felony offense—drug trafficking. The district court overruled the objection and sentenced Moore to 70 months of imprisonment, within the guidelines range of 70 to 87 months. We **AFFIRM**.

**I.**

In 2013, officers with the Dyer County Sheriff's Office stopped a minivan being driven by Moore. He could not produce his license because it had been revoked due to an earlier

conviction for driving while intoxicated. A subsequent search of Moore's person revealed a clear plastic bag containing three grams of methamphetamine. Moore told officers that he had a .22 caliber revolver in a floorboard compartment behind the driver's seat. He also indicated there was a shotgun in the van, but that it would not fire.

Officers searched the van and found a loaded .22 revolver as well as a sawed-off 20-gauge shotgun. Officers also found several rounds of ammunition and a glass methamphetamine smoking pipe. When interviewed later by police, Moore indicated the methamphetamine had been "fronted" to him by a supplier whom he intended to repay after selling the drugs. He also admitted he had already sold two bags of methamphetamine that day before he was stopped on his way to Dyersburg, Tennessee.

Moore later pled guilty in district court for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and possession of an illegally altered firearm, in violation of 26 U.S.C. §§ 5822, 5861(b), and 5871. The Pre-Sentence Report (PSR) calculated Moore's total offense level at 27, in part based on a four-level enhancement provided under USSG § 2K2.1(b)(6)(B) (Nov. 1, 2013). That enhancement applies when a defendant "use[s] or possesse[s] any firearm or ammunition in connection with another felony offense." § 2K2.1(b)(6)(B).

Moore objected to the use of the enhancement in his guidelines calculation. A major issue for the court during the sentencing hearing was the location and accessibility of the firearm in relation to Moore. Ultimately, the court found that the firearm in question had the potential to facilitate Moore's methamphetamine distribution. As a result, it applied the § 2K2.1(b)(6)(B) enhancement to calculate Moore's guideline range.

**II.**

A sentence is reviewed for procedural and substantive reasonableness under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). With respect to the application of the § 2K2.1(b)(6)(B) enhancement, a district court's factual determination that a firearm was used or possessed "in connection with" another felony offense is reviewed with due deference for clear error. *United States v. Taylor*, 648 F.3d 417, 431-432 (6th Cir. 2011).

**III.**

The firearm in question here was found in a compartment in the floor behind the front seat of the minivan. Moore argues that § 2K2.1(b)(6)(B) should not apply because the firearm's proximity to him was merely coincidental and was not associated with his admitted drug trafficking. Specifically, he contends that the firearm's location made it useless for protecting drugs or facilitating a drug transaction.

This argument is unavailing. The four-level enhancement under USSG § 2K2.1(b)(6)(B) applies "if the firearm . . . facilitated, *or had the potential of facilitating*, another felony offense." USSG § 2K2.1, cmt. n.14(A) (emphasis added). In the context of a drug trafficking offense, the enhancement is appropriate if a "firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." *Id.* cmt. n.14(B). Moreover, under the so-called "fortress theory," which we have adopted, a § 2K2.1(b)(6)(B) enhancement is warranted "if the firearm had some emboldening role in a defendant's felonious conduct." *United States v. Angel*, 576 F.3d 318, 321 (6th Cir. 2009) (quoting *United States v. Ennenga*, 263 F.3d 499, 503 (6th Cir. 2001)). The firearm "need not be actively used" in the other offense. *Id.* at 320 (citation omitted).

In this case, there is no dispute that Moore was involved in drug trafficking. Indeed, he admitted that earlier on the day he was arrested, he had sold two bags of methamphetamine. The question, then, is whether the .22 revolver, which was located in a compartment in the floorboard behind the front seat, facilitated or had the potential to facilitate those drug transactions.

Several factors support the district court's conclusion that the government met its burden to connect the firearm to Moore's drug trafficking. First, even defense counsel conceded that from the position of the driver's seat in the minivan, Moore was in fairly close proximity[1] to the .22. Second, although the .22 was not simply lying under a seat, Sheriff's Deputy Chad Jackson testified that it was accessible from the driver's seat. There appears to be no doubt the .22 was easier to reach than if it had been located in a traditional car's trunk—a location for which courts have upheld § 2K2.1(b)(6) enhancements. *See, e.g., United States v. Campbell*, 257 F. App'x 981, 982 (6th Cir. 2007); *United States v. Wooten*, 253 F. App'x 854, 858 (11th Cir. 2007). Third, the revolver was found fully loaded and with other .22 caliber rounds nearby. Finally, the district court did not credit Moore's testimony that he had forgotten the firearms were in the minivan until officers asked him if there was anything else in the van.

Analyzing these factors, the district court reasonably concluded that the .22 revolver had the potential of facilitating the drug trafficking that Moore was engaged in. With a nexus thereby established between the firearm and an independent felony, the court did not commit clear error in applying the § 2K2.1(b)(6)(B) sentencing enhancement. *Angel*, 576 F.3d at 320.

**AFFIRMED.**

---

[1] Close proximity, while not dispositive, is "certainly indicative of a connection" between guns and drugs. *United States v. Davis*, 372 F. App'x 628, 629 (6th Cir. 2010) (quoting *Angel*, 576 F.3d at 321).