NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0453n.06

Case No. 21-4211

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Nov 09, 2022
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| JUMAL A. MCQUEEN, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | OPINION |
| | ) | |

---

Before: SILER, NALBANDIAN, and READLER, Circuit Judges.

SILER, Circuit Judge.   Jumal McQueen appeals his within-guidelines sentence for possessing a firearm as a convicted felon under 18 U.S.C. § 922(g)(1).  He pled guilty to the firearm offense, but he argues that the district court erred by adding a four-point sentence enhancement under USSG § 2K2.1(b)(6)(B) for possessing a firearm in connection with another felony offense, i.e., drug possession with the intent to distribute.  McQueen claims the government failed to show by a preponderance of the evidence that he possessed drugs with the intent to distribute them and that there was a sufficient nexus between his felon-in-possession charge and drug-distribution offense.  We affirm.

I

During a traffic stop, McQueen evaded police officers, and a car chase ensued. McQueen crashed and fled on foot.  Police caught up to McQueen and arrested him.  The officers found Tramadol pills and cash on his person; and they found a loaded gun, a baggie of suspected

marijuana, two baggies of cocaine, and more cash in his car. The cocaine baggies weighed about 1.31 and 1.25 grams each, and the cash totaled $3,428. While incarcerated, the jail recorded McQueen saying over the phone that he had "the gun and a little bit of a like, like, a gram of work" on him when arrested. The government did not charge McQueen for possessing the drugs. But it charged him with violating 18 U.S.C § 922(g)(1) for possessing a firearm as a convicted felon. McQueen pled guilty.

During sentencing, the probation office recommended a four-point enhancement under § 2K2.1(b)(6)(B) because McQueen "used or possessed . . . [a] firearm . . . in connection with another felony offense." McQueen objected to the total-offense level on the basis that the government did not sufficiently prove that he committed another felony. McQueen did not, however, object to the truthfulness of the government's sentencing allegations or present evidence calling them into question. The district court responded to McQueen's objection saying, "I didn't know he was still maintaining [his objection] but of course that 4 point enhancement applies because it clearly–from the facts in this case, it does apply." The district court calculated a guidelines range of forty-one to fifty-one months of imprisonment, and it sentenced McQueen to forty-four months imprisonment and three years of supervised release.

II

The § 2K2.1(b)(6)(B) enhancement applies when the government shows by a preponderance of the evidence that a defendant used or possessed a firearm in connection with another felony offense. *United States v. Shanklin*, 924 F.3d 905, 919 (6th Cir. 2019). The enhancement applies even if the government does not charge a defendant for the other felony offense. *Id*. (citing § 2K2.1(b)(6)(B), cmt. 14(C)). Here, the predicate felony offense that triggered the enhancement was McQueen's possession of drugs with the intent to distribute.

McQueen's challenge is twofold: the government did not prove by a preponderance of the evidence that (1) he intended to distribute drugs, and (2) there was a sufficient nexus between his felon-in-possession charge and drug-distribution offense. As a result, he argues, the district court misapplied the enhancement and miscalculated his guideline range. Thus, he asks us to review the procedural reasonableness of his sentence, *see Gall v. United States*, 552 U.S. 38, 51 (2007) (explaining that procedural sentencing errors include improperly calculating the guidelines range or assigning a sentence on clearly erroneous findings), which we review for an abuse of discretion. *Id.* In determining whether the district court abused its discretion, we review for clear error McQueen's challenge to the district court's implicit factual finding that he intended to distribute drugs. *See United States v. Frazier*, 426 F. App'x 401, 404 (6th Cir. 2011) (reviewing a district court's factual finding of possession with intent to distribute for clear error). And we review with due deference McQueen's challenge to the district court's implicit determination that there was a sufficient nexus between his felon-in-possession charge and drug-distribution offense. *See Shanklin*, 924 F.3d at 919 (reviewing a district court's nexus determination with due deference). Under both standards, because the undisputed record adequately supports the district court's judgment, McQueen is not entitled to relief.

A

McQueen argues the district court committed clear error in finding the government proved by a preponderance of the evidence that he intended to distribute drugs. A district court commits clear error when, based on the evidence, a reviewing court is left with the "definite and firm conviction" that the district court made a mistake. *United States v. Seymour*, 739 F.3d 923, 928 (6th Cir. 2014). Here, McQueen cannot show clear error because the only evidence at sentencing supports the district court's finding.

The government submitted evidence showing that McQueen's car held individually wrapped drugs and large amounts of cash. These are factors from which a district court may infer intent. *United States v. Montgomery*, 491 F. App'x 683, 689 (6th Cir. 2012). Moreover, the government submitted evidence showing that McQueen was unemployed and talked about dealing drugs. In contrast, McQueen submitted no evidence controverting these facts. For instance, McQueen did not challenge the portions of the presentence report ("PSR") showing that: his car held "a small baggie of suspected marijuana" and "two baggies of suspected crack cocaine"; police seized $3,428.00 in cash from his car and person even though he was unemployed; or he admitted during a recorded phone call in jail that he had about "a gram of work" on him when the police arrested him. The Federal Rules permit sentencing courts to rely on undisputed parts of a PSR. Fed. R. Crim. P. 32(i)(3)(A); *see also United States v. Fuller-Ragland*, 931 F.3d 456, 465 (6th Cir. 2019). And McQueen did not challenge the lab report showing that the two small baggies of suspected crack cocaine held cocaine.

The preponderance-of-the-evidence standard asks whether a disputed fact is supported by "the greater weight of the evidence." *Turpin v. Merrell Dow Pharms., Inc.*, 959 F.2d 1349, 1357 n.2 (6th Cir. 1992). Here, the PSR and lab report represent not simply the greater weight of the evidence—they represent the only evidence. The district court did not rely on clearly erroneous facts and thus did not abuse its discretion on this ground.

Despite this record, McQueen argues that the government failed to meet its burden for two reasons. First, he argues that the government failed to show intent because it did not charge him with any drug-related offenses. Although McQueen's premise that the government did not charge him with any drug-related offense is correct, his conclusion does not follow. For starters, § 2K2.1(b)(6)'s text does not require the government to charge the other felony:

> If the defendant–
>
> \* \* \*
>
> used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by 4 levels.

USSG § 2K2.1(b)(6)(B) (emphasis omitted). Moreover, as McQueen concedes in his brief, § 2K2.1(b)(6)'s comment 14(C) and our precedent provide that the enhancement applies even if the other felony offense is uncharged. His argument thus fails.

Second, McQueen argues that *United States v. Mukes*, 980 F.3d 526 (6th Cir. 2020), compels the result he seeks. But this argument fails because *Mukes* is easily distinguishable. There, the district court applied the enhancement based solely on an indictment. *Id.* at 531–34. We reasoned that due process required more than relying on an indictment's unproven allegations. *Id.* Moreover, the conduct the government claimed formed the basis of the offense (firing a firearm into the air) was not a felony under state law. *Id.* at 534. We held that the district court abused its discretion by applying § 2K2.1(b)(6)(B) because the government failed to prove a predicate felony offense. *Id.* at 536. Here, in contrast, the district court did not rely on an indictment as the basis of a predicate felony. It relied on uncontroverted evidence submitted at sentencing. McQueen even admits the government could charge him with a felony drug offense. His reliance on *Mukes* is thus misplaced.

Because McQueen cannot show clear error on this record, the district court's implicit finding that McQueen intended to distribute drugs was not clearly erroneous.

B

McQueen also argues that the enhancement does not apply because the government failed to establish a sufficient nexus between his felon-in-possession charge and drug-distribution offense. In other words, he contends the government failed to show a close enough proximity between the gun and drugs. Because this is a fact-specific inquiry, we give due deference to the district court's determination. *Shanklin*, 924 F.3d at 919. Although we have not set clear parameters around due deference, at the very least it means that if the undisputed facts support the district court's determination, we will defer to it. *See United States v. Taylor*, 648 F.3d 417, 432 (6th Cir. 2011) (explaining that "undisputed facts" supported a sentencing enhancement under § 2k2.1(b)(6)). Here, because the undisputed evidence supports its determination, we defer to the district court's implicit conclusion that a sufficient nexus existed between McQueen's felon-in-possession charge and drug-distribution offense.

For drug-trafficking offenses to trigger § 2K2.1(b)(6)(B)'s enhancement, the guidelines require that the firearm be found in "close proximity to drugs, drug manufacturing materials, or drug paraphernalia." *Shanklin*, 924 F.3d at 920 (quoting the language of § 2K2.1(b)(6)(B), cmt. 14(B)). Here, the firearm, drugs, and cash were found in close proximity to each other. For instance, the unchallenged portions of the PSR and the lab report show that McQueen's car held a loaded gun, individually wrapped drugs, and large amounts of cash—while he, the driver, had more drugs and cash on his person.

Yet despite these facts and deferential standard of review, McQueen argues that he is entitled to relief under *United States v. Hymon*, 333 F. App'x 40 (6th Cir. 2009). But *Hymon* is easily distinguishable. There, the district court applied § 2K2.1(b)(6)(B)'s enhancement even though the PSR did not mention where in the defendant's home officers found a firearm in relation

to drugs. *Id.* at 42. We reasoned that in drug-trafficking cases, the government must show close proximity between a gun and drugs to prove that firearm possession is more than "merely coincidental" to the drug crime. *Id.* (discussing § 2K2.1(b)(6)(B), cmt. 14(B)). Because the government failed to do so, we concluded the district court incorrectly applied the enhancement. *Id.*

Here, the facts diverge from *Hymon* in two critical ways. First, the PSR listed where police found the firearm, cash, and drugs in relation to each other because it says they were found in McQueen's vehicle. Second, the police found the drugs in a car, not a multi-room house. We often find a sufficient nexus for purposes of § 2K2.1(b)(6)(B)'s enhancement where guns and drugs are found together in smaller areas, like a car, even if stashed in separate compartments. *See, e.g.*, *United States v. Moore*, 580 F. App'x 452, 452–54 (6th Cir. 2014) (holding that a loaded firearm in compartment behind driver's seat in minivan was in close proximity to bag of meth on driver); *United States v. Campbell*, 257 F. App'x 981, 982 (6th Cir. 2007) (holding that a loaded firearm in car trunk was in close proximity to drugs on driver's person and in trunk). And demonstrating a sufficient nexus between the firearm and other felony offense "is not a particularly onerous burden." *United States v. Davis*, 372 F. App'x 628, 629 (6th Cir. 2010).

McQueen cannot  show clear error because uncontroverted evidence at sentencing supports the district court's factual finding that McQueen intended to distribute drugs. And he cannot overcome the due deference we afford the district court's nexus determination because the uncontroverted evidence supports it. We thus hold the district court did not abuse its discretion by applying § 2K2.1(b)(6)(B)'s four-point sentence enhancement.

For the reasons above, we **AFFIRM** the district court.