NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0468n.06

No. 14-3671

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jun 24, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE |
| | ) | NORTHERN DISTRICT OF |
| CAMERON L. WILDER, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: **BOGGS** and **KETHLEDGE**, Circuit Judges; and **BLACK**, District Judge.[*]

**BLACK**, District Judge.   Cameron Wilder ("Wilder") appeals the sentence of 84 months imposed by the district court after he pled guilty to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).   Wilder challenges the district court's sentence, claiming that the district court committed procedural error by failing to: (1) establish that he possessed the firearm in question in connection with another felony offense; and (2) overruling his objection to a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B).   For the reasons that follow, we **affirm**.

---

[*] The Honorable Timothy S. Black, United States District Judge for the Southern District of Ohio, sitting by designation.

### I.   BACKGROUND FACTS

On December 3, 2013, a federal grand jury sitting in Cleveland, Ohio, returned a one-count indictment against Wilder, charging that he was a Felon in Possession of a Firearm and Ammunition, in violation of Title 18, United States Code Sections 922(g)(1) and 924(a)(2).   On March 25, 2014, Wilder pled guilty to the indictment, as charged. Wilder had no plea agreement.

The charge arose out of the November 1, 2013 execution of a search warrant by the Akron Police Department at Wilder's home.   Inside a nightstand in an upstairs bedroom, officers found a Glock Model 22, .40-caliber pistol, bearing serial number EYT028US. The pistol was lying on top of court papers and a checkbook belonging to Wilder. Officers also found 1.1 grams of crack cocaine inside the nightstand and a glass crack pipe and a bag of marijuana on top of the nightstand.   In a separate upstairs bedroom, officers found six individually wrapped bags of heroin.   The six bags each contained .5 grams of heroin, which is typically the way heroin is sold on the street.   The authorities also recovered two digital scales and a Pyrex measuring cup with cocaine residue in the dining room of the home.   Wilder had $340 cash on his person when officers arrested him.

Prior to November 1, 2013, Akron Police Detectives conducted several undercover drug buys from Wilder that led to the search of his house.   On some of the drug buys, Wilder drove from his home and then back to this home.   Wilder also sold drugs from the front porch of his home.

A Presentence Investigation Report was prepared in anticipation of sentencing. Among the recommendations contained in the Report was that a four-level enhancement

be applied pursuant to U.S.S.G. § 2K2.1(b)(6)(B) for possession of the firearm in connection with another felony offense, *i.e.*, drug trafficking. The Report recommended that Wilder be sentenced based on a total offense level of 23 and a criminal history category of V, which yielded an advisory guideline range of 84-105 months.

The final Presentence Investigation Report was filed on June 10, 2014. The Report noted Wilder's objection to the Pretrial Services and Probation Officer's recommendation that the district court apply a sentencing enhancement because the firearm "was found with a plastic bag containing approximately 1.1 grams of crack cocaine, a glass crack pipe, a plastic bag containing approximately 1.5 grams of marijuana, and 6 baggies containing small amounts of heroin."

A sentencing hearing was held on July 2, 2014, where the Court took evidence from the government in support of the sentencing enhancement. The government called as a witness Detective Kandy Shoaff of the Akron Police Department, the officer who sought the warrant. Detective Shoaff testified about the firearm that was the basis of the enhancement. Detective Shoaff testified that Wilder's girlfriend stated that Wilder had the gun for protection while he sold drugs.

The district court overruled Wilder's objection, applied the Section 2K2.1(b)(6)(B) enhancement, and sentenced Wilder to a low-end Guideline sentence of 84 months of incarceration. Wilder timely filed a notice of appeal on July 9, 2014.

## II. STANDARD OF REVIEW

We review the reasonableness of a district court's sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). The abuse-of-discretion standard has both a

procedural and substantive component. *United States v. O'Georgia*, 569 F.3d 281, 287 (6th Cir. 2009).

First, we must ensure that the district court did not commit procedural error. A district court abuses its sentencing discretion if it: "commit[s] [a] significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence– including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51. "For a sentence to be procedurally reasonable, a district court must explain its reasoning to a sufficient degree to allow for meaningful appellate review." *United States v. Zobel*, 696 F.3d 558, 566 (6th Cir. 2012) (internal citation and quotation marks omitted).

If the sentencing is procedurally sound, we must then consider the substantive reasonableness of the sentence. A sentence may be substantively unreasonable if the district court selects the sentence arbitrarily, fails to consider a pertinent sentencing factor, or gives unreasonable weight to any sentencing factor. *United States v. Vowell*, 516 F.3d 503, 510 (6th Cir. 2008). "For a sentence to be substantively reasonable, it must be proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of § 3553(a)." *Id.* at 512 (internal citation and quotation marks omitted). We apply a rebuttable presumption of substantive reasonableness to a within-guidelines sentence. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (*en banc*).

### III.  ANALYSIS

Section 2K2.1(b)(6)(B) of the sentencing guidelines provides a four-level enhancement for possessing a firearm "in connection with another felony."  The application note for Section 2K2.1(b)(6)(B) explains that the sentencing enhancement applies "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense."  *Id.,* cmt. n.14(A).  The government must show, by a preponderance of the evidence, "a nexus between the firearm and an independent felony."  *United States v. Taylor*, 648 F.3d 417, 432 (6th Cir. 2011) (quoting *United States v. Angel*, 576 F.3d 318, 321 (6th Cir. 2009)).  Coincidental possession of a firearm during an offense will not suffice.  *Id.*  Nevertheless, the burden to show a nexus between the firearm and the other felony is not onerous.  *United States v. Davis*, 372 F. App'x 628, 629 (6th Cir. 2010).

Here, the fact that Wilder was involved with drug trafficking is clear.   The gun and Wilder's personal effects were found stored with cocaine, a crack pipe, and marijuana in the same nightstand in his home.   Moreover, Wilder stored heroin packages in his home in precise .5 gram quantities, had residue-covered scales used to weigh those drugs, and had a Pyrex measuring cup with cocaine residue in it, indicative of "cooking" crack.   Wilder also had hundreds of dollars of cash on his person.   Additionally, Akron Police documented several sales where Wilder drove to drug buys from his home and then back to this home after the buys.   Wilder was even observed selling drugs from the front porch of his home.

For a firearm to be used "in relation to" a drug-trafficking crime, the firearm must facilitate, or have the potential of facilitating, the drug offense.   *United States v. Hardin*,

248 F.3d 489, 497-98 (6th Cir. 2001) (equating "in connection with" in Guidelines § 2K2.1(b)(6) with "in relation to" in 18 U.S.C. § 924(c)(1)). When a firearm "facilitated, or had the potential to facilitate, a drug transaction, § 2K2.1(b)(6) is satisfied." *Davis*, 372 F. App'x at 630. Under the "fortress theory," which this court has adopted, "a sufficient connection is established 'if it reasonably appears that the firearms found on the premises controlled or owned by a defendant and in his actual or constructive possession are to be used to protect the drugs or otherwise facilitate a drug transaction.'" *United States v. Ennenga*, 263 F.3d 499, 503 (6th Cir. 2001) (quoting *United States v. Henry*, 878 F.2d 937, 944 (6th Cir. 1989)). "Put differently, § 2K2.1 applies if the firearm had some emboldening role in [a] defendant's felonious conduct." *Id.* (internal citation and quotation marks omitted).

Evidence presented at sentencing supports that, generally, firearms are used or possessed by drug dealers for protection in their trade. Specifically, in a home like Wilder's, which was used for housing drugs that were then transported elsewhere for sale, firearms are used for protection in case someone attempts to rob a dealer of his or her drugs. Even Wilder's girlfriend said that he possessed a firearm for protection because he sold drugs.[1] Wilder argues that his girlfriend's statements lack the "indicia of reliability" required by Section 6A1.3(a) of the sentencing guidelines. However, Wilder's firearm was located in the bedroom where she said the firearm was and the search corroborated her statement. Moreover, the girlfriend's statement was just one of many facts the district

---

[1] Specifically, Wilder's girlfriend stated "that the gun belonged to Wilder…[and] that he probably had it for protection because of what he did." (R. 31-2 at PageID 216).

court considered when determining that the firearm was used "in connection with" a drug-trafficking crime.

Wilder relies on this court's decision in *United States v. Seymour*, 739 F.3d 923 (6th Cir. 2014), which found that the district court erred in its application of the four-level enhancement for possessing a firearm in connection with another felony offense. However, unlike in *Seymour*, where the evidence showed only possession of drugs, here there is significant evidence that Wilder was both storing drugs in his home and selling drugs from his home. Specifically, Wilder made several sales to an undercover purchaser, drove to drug buys from his home, and sold drugs from his porch. In explaining the fortress theory, this court in *Seymour* stated that "if it reasonably appears that the firearms found on [a] premises controlled or owned by a defendant and in his actual or constructive possession are to be used to protect [] drugs or otherwise facilitate a drug transaction, then such firearms are used 'during and in relation to' a drug trafficking crime." 739 F.3d at 929-30 (quoting *Henry*, 878 F.2d at 944). That is precisely the case here. *See, e.g., Taylor*, 648 F.3d at 432 (fortress theory properly applied where officers found a loaded pistol, 11.7 grams of cocaine base, a digital scale, packaging paraphernalia, $400 in U.S. currency, and residency paperwork inside a residence occupied by Taylor and his family and Taylor was seen selling drugs).

For these reasons, the four-level "in connection with" enhancement under Section 2K2.1(b)(6)(B) was properly applied. According the district court the "due deference" the law requires on our review, *see id.* at 431, we cannot say that the district court clearly erred in finding that Wilder possessed a firearm in connection with drug trafficking.

Wilder therefore fails to show procedural error in the court's application of the enhancement. Moreover, based on the Section 3553(a) factors and the presentence report, the court imposed a reasonable sentence at the bottom of the applicable Guideline range. There being no indication that the district court relied on impermissible factors in arriving at its sentence, the district court clearly did not abuse its discretion in applying the lowest sentence within the proper Guideline range. *See, e.g., United States v. Carson*, 560 F.3d 566, 586-87 (6th Cir. 2009).

## IV. CONCLUSION

For the foregoing reasons, we **AFFIRM** the sentence of the district court.