RALPH B. GUY, JR., Circuit Judge, dissenting. DISSENT I believe defendant’s second pair of transactions in narcotics and a firearm was sufficiently interconnected to justify imposing the enhancement. I also believe the but-for causation standard does not apply to whether one sale “facilitated” the other. Accordingly, I respectfully dissent. On November 23, 2015, defendant sold the government’s confidential informant (“Cl”) some narcotics, and then, after some prodding by the Cl, a firearm. Defendant had to walk down the block to retrieve the firearm before selling it to the Cl. I agree with the majority that this pair of sales was insufficient to trigger USSG § 2K2.1(b)(6)(B). On November 27, 2015, Jackson contacted the Cl and offered to sell the Cl another firearm. The Cl agreed, and on December 1, 2015, the Cl went to the same residence at which he previously met with defendant. Immediately after the Cl and defendant completed the firearm sale, the Cl offered to introduce defendant to his companion—who was waiting in the car— so that defendant could sell him narcotics. Defendant accepted the offer, telling the Cl, “you go to the car and I’ll be over there.” The Cl returned to the car, and “[sjhortly thereafter, the defendant also exited [the residence], walked to the same vehicle, and got inside.” Defendant then sold narcotics to the Cl’s companion. The firearm enhancement can apply “in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia.” USSG § 2K2.1 cmt. n.14(B). The majority concludes that defendant lacked actual or constructive possession of the firearm in connection with the drug trafficking felony. Key premises to the majority’s analysis are “the facts that [defendant] seems to have kept his guns and drugs housed at separate locations, did not bring a gun and drugs together to either sale, and had no reason to believe that either initial sale for one of the two types of contraband would beget a sale of another type.” The district court, however, did not abuse its discretion by finding otherwise. At the December 1 sale, defendant was observed delivering the narcotics after leaving the same residence from which he had just sold the firearm (and from which he had sold narcotics on November 23). These facts comprise circumstantial evidence that defendant brought narcotics to the December 1 firearm sale, and there is no evidence to the contrary.[1] See United States v. Wilder, 615 Fed.Appx. 351, 354 (6th Cir. 2015) (observation that defendant’s errand to sell narcotics originated at his home was evidence that he stored narcotics at his home, supporting § 2K2.1(b)(6)(B) enhancement). Moreover, defendant indeed had “reason to believe” that such a joint sale would take place: a week prior, he made a nearly identical joint sale to the CI. Finally, it bears repeating that defendant was trafficking narcotics, not merely possessing them—a fact that lowers the government’s burden when it seeks application of the enhancement. See United States v. Seymour, 739 F.3d 923, 930 (6th Cir. 2014); United States v. Berkey, 406 Fed.Appx. 938, 940-41 (6th Cir. 2011). Accordingly, I would hold that the district court did not abuse its discretion by applying the enhancement on the basis that defendant possessed the firearm in connection with the drug trafficking felony. In the alternative, the majority holds that “there is no reason to believe that either firearm ‘facilitated, or had the potential of facilitating,’ either heroin sale.” With respect to the December 1 transaction, I disagree. Facilitation can be found when a defendant becomes a “one-stop-shop for [drugs] and firearms.” United States v. Davis, 372 Fed.Appx. 628, 630 (6th Cir. 2010) (quoting United States v. McGill, 139 Fed.Appx. 201, 204 (11th Cir. 2005)). “[T]he fact that the sales of guns and drugs are negotiated as separate items does not prevent them from ‘essentially amount[ing] to a single transaction.’ ” United States v. Henry, 819 F.3d 856, 869 (6th Cir. 2016) (quoting United States v. Timmons, 283 F.3d 1246, 1252 (11th Cir. 2002)). Both of these principles are at work here. Defendant and the CI arranged the sale of the narcotics during the same meeting at which the firearm was sold. The fact that a thin line can be drawn between the two sales has little practical import.[2] The sale of the narcotics took place because the CI—primarily there to buy a firearm but equipped with the knowledge that defendant sold drugs, too—utilized the opportunity to avail himself of both facets of defendant’s “one stop shop.” The majority rejects the government’s argument that, “[b]ut for the firearm sale on December 1, the heroin transaction would not have occurred,” on the basis that the government did not actually satisfy the but-for test for causation. However, we have held that “[b]ut-for causation is not the applicable standard under § 2K2.1(b)(6); all that is required is that the firearm ‘facilitated, or had the potential of facilitating, another felony offense.’ ” Id. (quoting USSG § 2K2.1 cmt. n.l4(A)). Because defendant’s possession of the firearm “ma[d]e the sale of the [drugs] easier” by bringing a drug customer to defendant’s doorstep, the facilitation test is satisfied. The government’s failure to show but-for causation is immaterial. Id.; see also Davis, 372 Fed.Appx. at 629 (demonstrating the enhancement applies is “not a particularly onerous burden”).[3] Finally, the decision whether to. apply the firearm enhancement or not requires an examination of the totality of the circumstances. Henry, 819 F.3d at 866 (citing United States v. Warwick, 167 F.3d 965, 971 (6th Cir. 1999)). Here, the totality of the circumstances includes the fact that defendant made two pairs of transactions in firearms and narcotics. Although the first pair of transactions, standing alone, was insufficient to impose the enhancement, its existence supports the district court’s conclusion that defendant’s possession of a firearm facilitated, or had the potential to facilitate, his drug trafficking felony. . The majority places a burden on the government to "clarify the question” of whether the firearm was located in the same residence as the drugs on December 1. But requiring the government to conclusively refute the possibilities "that the drugs were buried outside, or hidden on a neighboring property, or kept in some other place” fails to account for the evidence that the drugs were in the same residence, and the lack of evidence that they were stored somewhere else. . Although the majority suggests that the bifurcated transaction was "inefficient,” any inefficiency was nominal. The record does not reflect any material inconvenience to defendant, as opposed to the November 23 sale, which required defendant to retrieve the firearm from another residence. . The majority cites two cases in which a but-for connection between the drug and gun sales was sufficient to impose the enhancement, United States v. Sweet, 776 F.3d 447, 450 (6th Cir. 2015); United States v. Harris, 552 Fed.Appx. 432, 438 (6th Cir. 2014). As Henry makes clear, however, recognizing that a but-for connection may be sufficient to impose the enhancement does not .-mean it is necessary to impose the enhancement if no such connection exists.