NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0182n.06
Filed: April 4, 2008

No. 07-1615

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| RONALD DERRICK HEIGHTON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| _____ | ) | |

BEFORE: MARTIN, GIBBONS, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant Ronald Derrick Heighton appeals his sentence, arguing that the district court erred by increasing his base offense level by four levels, pursuant to U.S.S.G. § 2K2.1(b)(6) for possession of a firearm in connection with another felony, and by declining to grant a two-level reduction to Heighton's base offense level under U.S.S.G. § 3E1.1(a) for acceptance of responsibility. For the reasons set forth below, we affirm defendant's sentence.

I.

On May 29, 2006, defendant's neighbor contacted the police after her cat died from a gunshot wound. The neighbor informed the police that Jessica McPeake, defendant's live-in fiancée, had told her that defendant had been shooting at groundhogs when the neighbor's cat had strayed onto defendant's property.

The next day, a Michigan State Police Officer contacted McPeake at the home she shared with defendant. McPeake informed the officer that defendant had shot the neighbor's cat with a .22 caliber rifle and agreed to turn the rifle over to the police. McPeake gave the officer permission to come inside to retrieve the rifle.

Once inside, the officer found the rifle loaded and lying on the kitchen countertop. The officer also noticed two additional rifles leaning against the wall in the kitchen.[1] When the officer asked McPeake about the weapons, McPeake walked away from the officer and closed a door adjacent to the kitchen. Before McPeake closed the door, the officer was able to observe several items used in the production of methamphetamine. At this point, the officer called for backup, secured the area, and obtained McPeake's consent to search the residence.

During the subsequent search of the premises, officers recovered materials and ingredients consistent with the manufacture of methamphetamine. Officers also recovered an electronic scale and a surveillance camera and monitor, which provided a live feed of the front area of the property. In addition, police found a total of six firearms – specifically, a loaded .22 caliber rifle and loaded pistol-grip shotgun in the kitchen; a loaded .22 caliber handgun in McPeake's purse; a Romarm WASR 10/63 AK47-style semiautomatic rifle under defendant's bed; and a 9mm pistol and a .380

---

[1]The Presentence Investigation Report ("PSR") indicates that the officer recovered "two additional rifles" leaning against the wall in or near the kitchen. However, when detailing the full list of firearms recovered from the property, the PSR only states that the .22 caliber rifle on the countertop and a loaded shotgun were recovered from the kitchen area.

caliber pistol inside a pick-up truck located on defendant's property. Officers later arrested defendant, who had been in the woods on the property.

On September 13, 2006, a three-count indictment was filed in the United States District Court for the Western District of Michigan, charging defendant with one count of possession of equipment and materials with intent to manufacture methamphetamine in violation of 21 U.S.C. § 843(a)(6), attempt to manufacture methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1), and being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1). Defendant was arrested on the federal charges on October 6, 2006, and released on bond a few days later. On October 26, 2006, defendant absconded from bond and remained at large until January 12, 2007, when he was found hiding in the basement of a house occupied by McPeake.

On January 23, 2007, Heighton pleaded guilty to all counts of the indictment pursuant to a plea agreement. In addition, he admitted that he had obstructed and impeded justice by willfully failing to appear at his November 30, 2006, final pretrial conference. Defendant further agreed to cooperate fully with law enforcement. The court ordered that a Presentence Investigation Report ("PSR") be prepared. In the PSR, the probation officer recommended a four-level enhancement for possession of firearms in connection with another felony, pursuant to U.S.S.G. § 2K2.1(b)(6), and a two-level enhancement for obstruction of justice. The PSR did not recommend a downward adjustment for acceptance of responsibility. Heighton objected to the possession of a firearm enhancement and the recommendation against granting an acceptance of responsibility reduction. The district court overruled these objections and calculated defendant's base offense level as 22.

This, combined with defendant's criminal history category of III, yielded a sentencing range of 51 to 63 months, followed by a three-year period of supervised release. The district court sentenced defendant to a 60-month term of imprisonment on each count, to be served concurrently. Heighton now timely appeals.

II.

A "district court's finding that a defendant possessed a firearm during a drug crime is a factual finding subject to the clearly erroneous standard of review." *United States v. Clay*, 346 F.3d 173, 178 (6th Cir. 2003) (quoting *United States v. Darwich*, 337 F.3d 645, 664 (6th Cir. 2003)). "A finding of fact will only be clearly erroneous when, although there may be some evidence to support that finding, 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Darwich*, 337 F.3d at 663 (quoting *United States v. Latouf*, 132 F.3d 320, 321 (6th Cir. 1997)).

Section 2K2.1(b)(6) of the United States Sentencing Guidelines provides for a four-level enhancement "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense . . . ." The Guidelines elaborate on the "in connection with" language, stating that the enhancement applies "if the firearm . . . facilitated, or had the potential of facilitating, another felony offense . . . ." U.S.S.G. § 2K2.1(b)(6) cmt. n.14(A). When the other felony is a drug offense, the Guidelines add:

> [I]n the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia[,] . . . [the enhancement] is warranted because the presence of the firearm has the potential of facilitating another felony offense . . . .

U.S.S.G. § 2K2.1(b)(6), cmt. n.14(B)(ii). As these application notes make clear, the firearms in question need not be actively used in the commission of a felony, but merely have the potential to promote another felony offense. In short, an enhancement under "§ 2K2.1 applies if 'the firearm had some emboldening role in defendant's felonious conduct.'" *United States v. Ennenga*, 263 F.3d 499, 503 (6th Cir. 2001) (quoting *United States v. Polanco*, 93 F.3d 555, 567 (9th Cir. 1996)). Further, we must give due deference to the district court's determination that the § 2K2.1(b)(6) enhancement applies.

We have adopted the "fortress theory" in interpreting the "in connection with" language of U.S.S.G. § 2K2.1. This principle states that there is a "sufficient connection [between the firearms and the felonious activity] 'if it reasonably appears that the firearms found on the premises controlled or owned by defendant and in his actual or constructive possession are to be used to protect the drugs or otherwise facilitate a drug transaction.'" *Ennenga*, 263 F.3d at 503 (quoting *United States v. Henry*, 878 F.2d 937, 944 (6th Cir. 1989)). Here, the district court found that defendant's home fit the definition of a "fortress" because of the presence of loaded firearms, the AK-47 style semiautomatic rifle, and the surveillance system. The district court concluded that the only reason to have such weapons and equipment was to protect the house from people who may try to steal money or drugs. We agree. The arsenal of unsecured, loaded weapons scattered about the premises, and the attendant video surveillance system, served to provide security for the manufacture and/or sale of narcotics on Heighton's property. This security undoubtedly had an "emboldening role" in

Heighton's conduct, and therefore it was not clear error for the district court to impose an enhancement pursuant to U.S.S.G. § 2K2.1(b)(6).

III.

Defendant additionally contends the district court erred in refusing to grant his request for a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). A defendant may receive a two-level decrease for acceptance of responsibility if he, among other things, admits his guilt and further admits to relevant conduct. U.S.S.G. § 3E1.1, cmt. n.1. A defendant may receive, upon motion of the government, an additional one-level reduction under § 3E1.1(b) for timely notification of his guilty plea. U.S.S.G. § 3E1.1(b). We give due deference to the district court's determination regarding whether defendant has demonstrated acceptance of responsibility and will reverse only upon a demonstration of clear error. *United States v. Brown*, 367 F.3d 549, 556 (6th Cir. 2004) (citing *United States v. Webb*, 335 F.3d 534, 538 (6th Cir. 2003)).

Heighton received a two-level increase under U.S.S.G. § 3C1.1 for obstruction of justice after willfully failing to appear at his November 30, 2006, final pretrial conference. Given the inherent paradox in imposing a penalty for failing to appear while simultaneously conferring a benefit for accepting responsibility for one's actions, we have held that a two-level reduction for acceptance of responsibility under § 3E1.1 may be applied only under extraordinary circumstances when a two-level enhancement under § 3C1.1 has already been imposed. *United States v. Angel*, 355 F.3d 462, 477 (6th Cir. 2004); *see also* U.S.S.G. § 3E1.1, cmt. n.4. The defendant bears the burden of demonstrating that he has accepted responsibility for his criminal conduct, *United States v. Paulette*,

457 F.3d 601, 608 (6th Cir. 2006), and also bears the burden of demonstrating that his case is sufficiently extraordinary to support the imposition of both § 3C1.1 and § 3E1.1. *Angel*, 355 F.3d at 477. Here, Heighton has not satisfied this burden, and, moreover, the record reveals that he was largely uncooperative with the government, providing little information and consistently minimizing his criminal conduct. We therefore conclude that it was not clear error for the district court to deny Heighton's request for a reduction pursuant to U.S.S.G. § 3E1.1.

IV.

For these reasons, we affirm defendant's sentence.