*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 09a0277p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT
_____

UNITED STATES OF AMERICA,

              *Plaintiff-Appellee,*

       *v.*

RANDAL ANGEL,

            *Defendant-Appellant.*

No. 08-5158

Appeal from the United States District Court
for the Eastern District of Kentucky at London.
No. 07-00054-001—Danny C. Reeves, District Judge.

Submitted: August 3, 2009

Decided and Filed: August 11, 2009

Before: SILER, GIBBONS, and GRIFFIN, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:** Martin L. Hatfield, LAW OFFICE OF MARTIN L. HATFIELD, PLLC, Somerset, Kentucky, for Appellant. Charles P. Wisdom, Jr., Erin J. May, ASSISTANT UNITED STATES ATTORNEYS, Lexington, Kentucky, for Appellee.

_____

**OPINION**

_____

GRIFFIN, Circuit Judge. Defendant Randal Angel was indicted and subsequently convicted by a jury on one count of possession of a firearm by an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3), and one count of knowingly and intentionally manufacturing less than fifty marijuana plants, contrary to 21 U.S.C. § 841(a)(1) and (b)(1)(D)(1). The district court sentenced Angel to concurrent terms of 57 months of imprisonment, three years of supervised release, and ordered the forfeiture of certain property pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

1

On appeal, Angel raises one issue regarding his sentence: whether the district court erred in applying a four-level enhancement for possession of firearms in connection with another felony offense under U.S.S.G. § 2K2.1(b)(6) (2007). For the reasons that follow, we affirm.

I.

Angel's convictions stem from the April 19, 2006, investigation by the United States Forest Service of suspected marijuana cultivation at a trailer near his home in a remote area of Jackson County, Kentucky. While investigating the initial complaint, an agent in a helicopter observed a possible marijuana seedbed next to the driveway of Angel's residence and radioed another agent about his observations. Upon further investigation at the site, the agent determined that the seedbed contained lettuce, not marijuana. However, as he turned to leave, the agent noticed a potted plant at the edge of Angel's treeline. He asked Angel, who emerged from the back of the house, what the pot contained, and Angel admitted it was marijuana that he was growing. A search of the property revealed more marijuana – all told, fourteen marijuana plants growing in five separate pots along the treeline.

Subsequently, Angel consented to a search of his home. He escorted the agent to his upstairs bedroom where the agent located and seized 81.2 grams of processed marijuana in two containers on the floor, drug paraphernalia, assorted ammunition, and three firearms – a 12-gauge shotgun, a loaded .22 caliber pistol, and a .32 caliber handgun with an altered serial number.[1] The shotgun was propped next to a night stand, the .22 caliber pistol was hanging on a chair at the foot of the bed, and the .32 caliber revolver was located between the mattress and box springs. The ammunition for the firearms was in a drawer in the night stand next to the bed.

Angel was interviewed at the residence by the agent and then executed a written statement, in which he admitted that he grew the marijuana, but claimed that it was for his personal use to alleviate back pain. He stated that the shotgun, .32 caliber handgun, and the ammunition belonged to his current wife; the .22 revolver purportedly belonged

---

[1] Because Angel lived in his mother's home, the agent confined the search to the upstairs bedroom shared by Angel and his wife.

to his ex-wife.  Angel acknowledged that he slept in the bedroom where the firearms and marijuana were found, but he could not recall the last time he used them.  He maintained that he had only grown marijuana "once or twice" and did not sell it.

Angel was subsequently indicted and convicted by a jury on one count of possession of a firearm by an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3), and one count of manufacturing less than fifty marijuana plants, contrary to 21 U.S.C. § 841(a)(1).  At sentencing, over Angel's objection, the district court imposed a four-level enhancement for use of a firearm in connection with another felony under U.S.S.G. § 2K2.1(b)(6).  This enhancement boosted Angel's adjusted offense level (taking into account other enhancements not at issue in this appeal and a criminal history category of I) from Level 20, with an advisory Guidelines range of 33-41 months, to Level 24, with a recommended Guidelines range of 51-63 months.  The district court sentenced Angel to concurrent terms of 57 months on both counts.

## II.

On appeal, Angel contends that the district court erred in applying the four-level enhancement under § 2K2.1(b)(6), which instructs a sentencing court to increase a defendant's base offense level by four "[i]f the defendant used or possessed any firearm or ammunition *in connection with* another felony offense[.]"  U.S.S.G. § 2K2.1(b)(6) (2007) (emphasis added).

"[W]e . . . review a district court's calculation of the advisory sentencing Guidelines as part of our obligation to determine whether the district court imposed a sentence that is procedurally unreasonable."  *United States v. Bullock*, 526 F.3d 312, 315 (6th Cir. 2008) (citing *Gall v. United States*, 128 S. Ct. 586, 597 (2007)).  In doing so, we review the district court's factual findings for clear error and its legal conclusions de novo.  *Id.* at 315-16.

Although the Guidelines do not define the phrase "in connection with" set forth in § 2K2.1(b)(6), the accompanying Commentary provides some guidance, explaining that subsection (b)(6) applies "if the firearm or ammunition facilitated, or had the

potential of facilitating, another felony offense." U.S.S.G. § 2K2.1(b)(6), cmt. n.14(A) (2007). Specifically, "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia[,] . . . [the enhancement] is warranted because the presence of the firearm has the potential of facilitating another felony offense." *Id.* at cmt. n.14(B)(ii). Consequently, "[a]s these application notes make clear, the firearms in question need not be actively used in the commission of a felony, but merely have the potential to promote another felony offense." *United States v. Heighton*, 272 F. App'x 469, 472 (6th Cir. 2008). A district court should apply the enhancement only "if the government 'establish[es], by a preponderance of the evidence, a nexus between the firearm and an independent felony.'" *Bullock*, 526 F.3d at 317 (quoting *United States v. Burns*, 498 F.3d 578, 580 (6th Cir. 2007)).

"[P]ossession of firearms that is merely coincidental to the underlying felony offense is insufficient to support the application of § 2K2.1." *United States v. Ennenga*, 263 F.3d 499, 503 (6th Cir. 2001). "While proximity may not be dispositive, it is certainly indicative of a connection between the guns and the drugs." *United States v. Oglesby*, 210 F. App'x 503, 506 (6th Cir. 2007) (citing *United States v. Hardin*, 248 F.3d 489, 498 (6th Cir. 2001)). We also examine "whether there was 'easy access,' which would support a theory that the guns were used to facilitate the felonious offense." *Id.* (quoting *Hardin*, 248 F.3d at 498). Under the so-called "fortress theory," which this circuit has adopted, "a sufficient connection is established 'if it reasonably appears that the firearms found on the premises controlled or owned by a defendant and in his actual or constructive possession are to be used to protect the drugs or otherwise facilitate a drug transaction.'" *Ennenga*, 263 F.3d at 503 (quoting *United States v. Henry*, 878 F.2d 937, 944 (6th Cir. 1989)). "Put differently, § 2K2.1 applies if the firearm had some emboldening role in [a] defendant's felonious conduct." *Id.* (citation and internal quotation marks omitted).

Angel argues that there is no evidence that he possessed the firearms "in connection with" another felony offense. He concedes that the manufacture of marijuana

plants constitutes "another felony offense" for purposes of subsection (b)(6),[2] but maintains that the government failed to prove that the firearms were used to facilitate or had the potential of facilitating the manufacture of marijuana. In support of his claim, Angel points out that the guns were found in an upstairs bedroom, a considerable distance from the marijuana plants found at the edge of the property line; only one of the firearms seized from the bedroom was loaded, and Angel testified that his wife used it for protection; there was no evidence that he manufactured marijuana inside the house; and there was no security or surveillance system in place at the residence. According to Angel, the quantity of marijuana and the drug paraphernalia found inside the house were consistent with his admission that he was a drug user and indicative only of personal use, not drug trafficking.

The government not only disputes Angel's assertions, but further maintains that, although Angel objected in general terms to the Guidelines calculations, neither his written objections to the presentence investigation report nor his objections at the sentencing hearing specifically addressed the finding that the firearms were possessed "in connection with" the manufacture of marijuana under subsection (b)(6). Hence, we should review this unpreserved issue under the plain error standard of review. *See generally United States v. Vonner*, 516 F.3d 382, 385-86 (6th Cir. 2008) (en banc) (procedural error claims not raised below are reviewed only for plain error).

However, we need not dwell on whether Angel's objection was imprecise because under either a preserved or unpreserved error standard of review, the district court did not err in applying the four-level enhancement pursuant to § 2K2.1(b)(6). Ample facts in the record support the district court's finding that the firearms possessed by Angel facilitated or had the potential to facilitate the manufacture of marijuana.

---

[2]"'Another felony offense,' for purposes of subsection (b)(6), means any Federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." U.S.S.G. § 2K2.1, cmt. n.14(C) (2007). The manufacture or cultivation of marijuana is a felony offense under both federal and Kentucky law. *See* 21 U.S.C. § 841(a)(1) and (b)(1)(D)(1) (less than 50 kg of marijuana); KY. REV. STAT. ANN. § 218A.1423(2) (five or more marijuana plants). In the present case, the presentence investigation report specifically refers to the manufacture of marijuana offense as a basis for the § 2K2.1(b)(6) enhancement, thus refuting Angel's claim that the government and the court failed to specifically identify the particular felony offense upon which the enhancement was based.

Angel was found guilty of possessing three firearms on the same property where he was growing fourteen marijuana plants. Although Angel claims that the firearms were used only by his wife for protection, the fact that multiple firearms were found in the small bedroom that he shared with his wife, in close proximity to the processed marijuana and drug paraphernalia, contradicts this assertion. The guns were positioned for ready access – propped next to the night stand, on a chair at the foot of the bed, and underneath the mattress of the bed. Ammunition for the firearms was located in the night stand next to the bed. Given these circumstances, the government proved by a preponderance of the evidence the required nexus between the firearms and the independent felony – the manufacture of marijuana.

Angel's contention that there was no evidence that he distributed drugs does not alter our conclusion. In *Ennenga*, we noted that "[a]lthough the other felony offense in most § 2K2.1 cases involves drug distribution, this is not an exclusive prerequisite. When one is in possession of a large and valuable stash of drugs, the desire to protect these illicit substances can be compelling." *Ennenga*, 263 F.3d at 504. We held in *Ennenga* that the defendant's sentence for possession of a firearm by a felon was properly enhanced under § 2K2.1, where five weapons to which he alone had access were found in a locker in the basement hallway, ammunition for a revolver was found in the bedroom, an electric alarm system was in place, and the defendant conceded that the growth of marijuana in his basement apartment was "another felony offense" within the meaning of § 2K2.1. *Id*. at 503-04.

Using the fortress theory, we have affirmed § 2K2.1(b)(6) enhancements in numerous other cases involving circumstances sufficiently similar to the present case. *See United States v. Richardson*, 510 F.3d 622, 626-27 (6th Cir. 2007) (holding that § 2K2.1(b)(6) enhancement was warranted where the defendant was arrested in a marijuana smoke-filled motel room with his girlfriend, and authorities found a stolen gun and marijuana in the defendant's pocket, along with a large quantity of marijuana and digital scales in the girlfriend's purse); *Hardin*, 248 F.3d at 498-501 (affirming district court's application of the enhancement under the fortress theory where more than fifty

grams of cocaine were found in the defendant's bedroom, along with two ammunition magazines, a bag of marijuana, and a pistol registered to the defendant's wife and purportedly used for her protection); *Heighton*, 272 F. App'x at 471-72 (upholding § 2K2.1(b)(6) enhancement under the fortress theory where police officers discovered items used in the production of methamphetamine in the defendant's residence, two loaded firearms in the kitchen area, four other firearms in the house, an electronic scale, and a surveillance camera monitoring the property).

Here, there is likewise no doubt that the presence of multiple loaded firearms and ammunition in defendant's bedroom, in close proximity to the processed marijuana and marijuana plants on the perimeters of the property, was not the result of accident or coincidence, but rather was conveniently made available to facilitate the manufacture of marijuana, protect the product, and embolden Angel. We therefore conclude that the district court did not err in imposing the § 2K2.1(b)(6) enhancement.

Moreover, contrary to Angel's assertion, the district court made sufficient on-the-record findings as to the application of the enhancement. "[W]hen a defendant raises a particular argument in seeking a lower sentence, the record must reflect both that the district court considered the defendant's argument and that the judge explained the basis for rejecting it." *United States v. Jones*, 489 F.3d 243, 251 (6th Cir. 2007) (citation and internal quotation marks omitted). Our review of the sentencing hearing shows that the district court specifically addressed and overruled Angel's objection to the § 2K2.1(b)(6) enhancement. Thus, Angel's argument is without merit.

Because the district court correctly calculated the Guidelines range and Angel alleges no further error, we find his sentence to be procedurally reasonable. *United States v. Angwin*, 560 F.3d 549, 553 (6th Cir. 2009) (citing *Gall*, 128 S. Ct. at 597).

### III.

For the foregoing reasons, Angel's sentence is affirmed.