**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0407n.06

No. 12-1904

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Apr 25, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| RESHARD MARTELL MOSES, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  COLE and COOK, Circuit Judges; KATZ, District Judge.[*]

PER CURIAM.  Reshard Martell Moses appeals the district court's sentence.

Moses pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  The district court determined that Moses's base offense level was 20.  The court added four levels under U.S.S.G. § 2K2.1(b)(6)(B) because Moses possessed the firearm in connection with the separate felony offense of possessing with intent to distribute marijuana.  The court subtracted three levels for acceptance of responsibility, resulting in a total offense level of 21.  Based on the total offense level of 21 and a criminal history category of III, Moses's guidelines range of imprisonment was 46 to 57 months.  The district court sentenced Moses to 48 months in prison.

---

[*]The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation.

On appeal, Moses argues that the district court erred in two respects by applying the four-level enhancement under § 2K2.1(b)(6)(B): (1) the prosecution failed to demonstrate that he intended to distribute the marijuana found in his possession; and (2) the prosecution failed to demonstrate a connection between his possession of the firearm and the marijuana offense. The offense-level enhancement under § 2K2.1(b)(6)(B) applies where a defendant "possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). The prosecution must establish by a preponderance of the evidence a connection between the firearm and an independent felony. *United States v. Taylor*, 648 F.3d 417, 432 (6th Cir. 2011). We review the district court's factual findings for clear error and accord due deference to the court's determination that the firearm was possessed in connection with another felony offense. *Id.*

The district court did not clearly err in determining that Moses committed the independent felony of possessing with intent to distribute marijuana. *See United States v. Shields*, 664 F.3d 1040, 1044 (6th Cir. 2011). The quantity and packaging of the marijuana found on Moses was consistent with distribution, and Moses had tested negative for marijuana in four drug tests conducted as part of his parole in the two months prior to his arrest. Based on that evidence, the district court could reasonably conclude that Moses possessed the marijuana for the purpose of distributing it rather than for his personal use. Further, given that officers found the marijuana and firearm in Moses's clothing and the incident occurred at approximately 4:00 a.m. in the parking lot of a lounge, the district court did not err in determining that there was a sufficient connection between the firearm and the marijuana offense to warrant an enhancement under § 2K2.1(b)(6)(B). *See* U.S.S.G. § 2K2.1 cmt. n.14(B)(ii); *United States v. Angel*, 576 F.3d 318, 322-23 (6th Cir. 2009).

Accordingly, we affirm the district court's sentence.