**NOT RECOMMENDED FOR PUBLICATION**
File Name: 21a0105n.06

**No. 20-1595**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Feb 26, 2021
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED STATES |
| v. | ) | DISTRICT COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| CEDRIC DEVON RICE, | ) | |
| | ) | OPINION |
| Defendant-Appellant. | ) | |

BEFORE:   COLE, Chief Judge; STRANCH and THAPAR, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.**   Cedric Rice appeals his 42-month sentence imposed after he pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).   During sentencing, the Government presented two recorded audio calls from the alleged victim to support a recommendation for a four-level enhancement under USSG § 2K2.1(b)(6)(B) for using a firearm in connection with another felony offense.   Denying Rice's objections, the district court imposed the four-level enhancement.   Rice appeals and we **AFFIRM**.

## I.   BACKGROUND

### A.   Factual Background

The Grand Rapids Police Department received a call from an individual claiming that Cedric Rice threatened the caller and others with a "Glock 40."   The caller alleged that Rice fled the scene with Tara Ann Hall and "Rell" in a "silver Chevy Impala," indicating the direction the car was traveling.   The 911 operator dispatched police officers to the vicinity.   Responding officers

came upon Rice, who fled, and they then located a Sig Sauer .40 caliber pistol along Rice's path of flight. Rice was arrested.

Law enforcement subsequently identified the caller as Whitney Newville. Two days later, an investigator called Newville to obtain more information about the reported incident. Newville alleged that she had a dispute with Hall and Hall's boyfriend, Rice, when they came to Newville's home to retrieve Hall's belongings. When argument erupted, Rice left the vehicle, and approached Newville. Newville claimed she knew Rice had a gun "because [when he left the vehicle his pocket] was weighed down and he had his hand in his pocket." Newville's mother intervened and pushed Rice back. Then, Newville claims, Rice returned to the car, pulled out the gun, and pointed it at Newville and her mother as the vehicle drove away. Rice was about "two car lengths away" when Newville allegedly saw the gun. Newville's children, her mother, her mother's husband, and her neighbor, Penny Kiste, were all outside during parts of the confrontation.

## B.      Procedural Background

Rice was charged with and pleaded guilty to possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). The presentence report (PSR) found a base offense level of 20 under USSG § 2K2.1(a)(4)(A) and a criminal history category of III. The PSR also recommended a four-level enhancement under USSG § 2K2.1(b)(6)(B) for possessing the firearm in connection with another felony offense. The enhancement was based on Newville's allegation that Rice pointed a gun at her and others.

At sentencing, Rice objected to the four-level enhancement for the assault. Rice offered the testimony of Kiste to dispute the assault allegation. The Government presented testimony from Detective Matthew Kubiak. After hearing witness testimony and argument, the district court rejected Rice's objection and concluded the Government proved by a preponderance of the

evidence that the four-level enhancement applied. That enhancement brought Rice's guideline range to 24-30 months. The court varied upward, under 18 U.S.C. §3553(a), and departed upward, under USSG § 4A1.3(a)(1), based on Rice's criminal history, imposing a 42-month sentence. Rice filed a timely notice of appeal.

## II.  ANALYSIS

### A.  Sentencing Enhancement

District courts have "wide discretion . . . in considering the evidence submitted at sentencing." *United States v. Silverman*, 976 F.2d 1502, 1508 (6th Cir. 1992) (en banc). In regard to the § 2K2.1(b)(6)(B) firearm enhancement, "we review the district court's factual findings for clear error and accord 'due deference' to the district court's determination that the firearm was used or possessed 'in connection with' the other felony, thus warranting the application of the . . . enhancement." *United States v. Seymour*, 739 F.3d 923, 929 (6th Cir. 2014) (quoting *United States v. Taylor*, 648 F.3d 417, 432 (6th Cir. 2011)).

USSG § 2K2.1(b)(6)(B) authorizes a four-level enhancement "[i]f the defendant . . . used or possessed any firearm or ammunition in connection with another felony offense." To justify the enhancement, the government must establish, by a preponderance of the evidence, *see United States v. Gates*, 461 F.3d 703, 707–08 (6th Cir. 2006), "a nexus between the firearm and an independent felony," *Taylor*, 648 F.3d at 432 (quoting *United States v. Angel*, 576 F.3d 318, 321 (6th Cir. 2009)).

"A sentencing court may consider all relevant evidence, whether or not such evidence would be admissible at trial, as long as it has 'sufficient indicia of reliability to support its probable accuracy.'" *United States v. Mukes*, 980 F.3d 526, 534 (6th Cir. 2020) (quoting USSG § 6A1.3(a)). The indicia-of-reliability standard is a "relatively low hurdle." *United States v. Moncivais,* 492

F.3d 652, 659 (6th Cir. 2007). It allows courts to consider "[a]ny information" that may be reliable. *See* USSG § 6A1.3 comment. (2016). Despite this deferential standard, courts do not have "a blank check to accept whatever they hear at sentencing. They must still, for example, . . . assure themselves of sufficient corroborative evidence." *United States v. Santana*, 723 F. App'x 331, 341–42 (6th Cir. 2018).

Here, the district court found that Newville's statements were sufficiently reliable because there were no inconsistencies. Rice contends that the evidence of Newville's assault with a firearm was based on inadmissible and unreliable hearsay and therefore did not have "sufficient indicia of reliability" to support the sentencing enhancement. The evidence primarily consisted of two statements provided by Newville to law enforcement: one 911 call made a short time after the alleged conduct and a second phone interview when she was contacted by an investigator two days later. In the 911 call immediately after the incident, Newville claimed Rice "threatened her with a gun," and she provided a description of a gun that closely resembled the gun recovered from Rice. Newville made the same allegation, albeit with more detail, in the follow up call with law enforcement. At sentencing, Newville's neighbor, Kiste, testified that she did not see Rice point a gun at Newville before Newville called 911. Kiste, however, also testified that she did not see Rice leave the scene, which as the district court noted, indicated that she may not have witnessed the alleged assault.

Rice argues that Newville's statements are not reliable because Newville did not testify, and the Government failed to corroborate Newville's allegation with any of the other adult witnesses to the alleged assault. Though that failure is concerning, the record contains other corroboration. In addition to the consistency of Newville's statements, Newville provided a description that essentially matched the gun recovered from Rice at the scene. *See Santana*, 723

F. App'x at 340 (citing *Hunt*, 487 F.3d at 353) (finding sufficient indicia of reliability where statements given at different times included at least some corroborative relevant details that matched defendant's conduct). The consistency of Newville's claims coupled with other record evidence is sufficient to meet the low reliability threshold. *See United States v. Stout*, 599 F.3d 549, 558 (6th Cir. 2010) (finding that out-of-court statements had "sufficient indicia of reliability to meet the low reliability threshold" where prior statements were "generally consistent"). We have also recognized that "a victim's unavailability [at sentencing] does not bar the imposition of a § 2K2.1(b)(6)(B) enhancement so long as reliable evidence, such as a 911 call or police report, supplies the requisite facts." *United States v. Ford*, 571 F. App'x 378, 383 (6th Cir. 2014).

Given the deferential standard that we must apply in this context, the district court did not clearly err in relying on Newville's statements to apply the four-level sentencing enhancement.

## III. CONCLUSION

For the reasons discussed above, we **AFFIRM** Rice's sentence.