NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0304n.06

No. 22-3495

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jul 05, 2023
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| CHARLES CARTER, | ) | DISTRICT OF OHIO |
| Defendant-Appellant. | ) | |
| | ) | OPINION |
| | ) | |

Before: CLAY, KETHLEDGE, and LARSEN, Circuit Judges.

LARSEN, Circuit Judge. Charles Carter pleaded guilty to being a felon in possession of a firearm. He now appeals the district court's assessment of a four-level enhancement for possessing a firearm in connection with another felony offense. We AFFIRM.

I.

On April 5, 2021, the Cleveland Police executed a search warrant at Carter's residence as part of a broader drug trafficking investigation. The police found a firearm under Carter's bed; $4,280 in cash and two cellphones in his bedroom; and several bags of marijuana and a digital scale under the kitchen sink.

A federal grand jury charged Carter with being a felon in possession of a firearm in violation of 18 U.S.C. § 992(g)(1). Carter pleaded guilty to the charge without a plea agreement.

The Probation Department prepared a Presentence Investigation Report (PSR), which recommended a four-level sentencing enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B) for

possessing a firearm in connection with another felony offense. Carter objected to this enhancement. The district court overruled Carter's objection, finding that Carter possessed the firearm in connection with his illegal drug trafficking activities and kept the gun to protect himself, his drugs, and his drug money. Applying the enhancement, the district court sentenced Carter to 37 months' imprisonment, a sentence at the bottom of the advisory Guidelines range. Carter timely appealed his sentence.

## II.

Carter raises only one argument on appeal: that the district court erred by assessing a four-level enhancement for possessing a firearm in connection with another felony offense pursuant to U.S.S.G. § 2K2.1(b)(6)(B). When considering a challenge to a § 2K2.1(b)(6)(B) enhancement, we review the district court's factual findings for clear error, and accord "due deference" to the court's determination that the defendant possessed a firearm in connection with another felony. *United States v. Taylor*, 648 F.3d 417, 431–32 (6th Cir. 2011). We review pure questions of law de novo. *Id.* at 431.

The Guidelines provide for a four-point enhancement to a defendant's base offense level "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6). "Another felony offense" is defined as any federal, state, or local offense—other than the underlying firearms possession offense—punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained. *Id.* cmt. n.14(C). The Guidelines' application notes indicate that the enhancement should apply "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense or another offense, respectively." *Id.* cmt. n.14(A). Specifically with respect to a drug trafficking offense, the enhancement should apply if the firearm

"is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." *Id*. cmt. n.14(B). A district court should apply the enhancement only if the government establishes, by a preponderance of the evidence, a nexus between the firearm and an independent felony. *United States v. Angel*, 576 F.3d 318, 321 (6th Cir. 2009). By contrast, possession of firearms that is "merely coincidental" to the underlying felony offense cannot support a § 2K2.1 enhancement. *United States v. Ennenga*, 263 F.3d 499, 503 (6th Cir. 2001).

The district court did not err in applying the § 2K2.1(b)(6)(B) enhancement. First, the record supports the court's determination that a preponderance of the evidence suggested that Carter was engaging in felonious drug trafficking: law enforcement saw a drug transaction at Carter's residence,[1] and they found multiple bags of marijuana, thousands of dollars in cash, a scale, and two cellphones in Carter's home. *See United States v. Brooks*, 594 F.3d 488, 495–96 (6th Cir. 2010) (noting that large sums of cash are indicative of drug trafficking); *United States v. Johnson*, 737 F.3d 444, 447–48 (6th Cir. 2013) (noting that "tools of the trade" such as scales, guns, and large quantities of cash are suggestive of drug trafficking).

Second, Carter cannot overcome the "due deference" we owe to the district court's determination that Carter possessed the firearm in connection with his drug trafficking. *Taylor*, 648 F.3d at 432. The government relies on the "fortress theory," which "presume[s], under certain circumstances, [that] guns in close proximity to drugs warrant the § 2K2.1(b)(6)(B) enhancement." *Seymour*, 739 F.3d at 929. "We have repeatedly relied on the fortress theory to uphold applications

---

[1]The district court stated that "Carter was observed conducting a drug transaction involving marijuana." R. 50, PageID 214. But the PSR states only that detectives "observed a drug transaction" while conducting surveillance at Carter's residence; it is silent as to whether Carter participated. R. 31, PageID 122. However, even assuming Carter did not participate in the transaction that law enforcement observed, the fact that his residence was associated with drug trafficking is relevant. *See United States v. Seymour*, 739 F.3d 923, 930 (6th Cir. 2014).

of the firearm enhancement where the defendant was engaged in drug trafficking." *Id.* at 930. Under the fortress theory, a "sufficient connection is established if it reasonably appears that the firearms found on the premises controlled or owned by a defendant and in his actual or constructive possession are to be used to protect the drugs or otherwise facilitate a drug transaction." *Angel*, 576 F.3d at 321 (internal quotation marks and citation omitted). Our court has said that the § 2K2.1 enhancement should apply under the fortress theory if the firearm "emboldens" the defendant to undertake felonious conduct. *Ennenga*, 263 F.3d at 503.

Here, Carter admitted that the gun beneath his bed was in his actual possession, and the evidence supports the district court's reasonable conclusion that Carter possessed the gun to protect the drug proceeds found in his bedroom and the drugs and drug paraphernalia found in his house. *See* U.S.S.G. § 2K2.1(b)(6) cmt. n.14(B); *Taylor*, 648 F.3d at 432 (holding that the fortress theory applied where officers found a firearm, drugs, a scale, packaging paraphernalia, and $400 in cash in the defendant's residence). Carter argues that the fortress theory should not apply because the firearm and the drugs were found in different rooms, and thus were not in close enough proximity for the enhancement to apply. But our court has rejected similar arguments. For example, in *Taylor*, we concluded that "although the firearm was not found in the same room as the drugs (and thus arguably not in close proximity), the fact that Taylor was trafficking drugs from his house and the fact that the firearm was loaded and found on the bedroom floor support[ed] the theory that Taylor was emboldened in his trafficking by having the firearm in the house." 648 F.3d at 432. Giving the district court's nexus determination and the deference it is due, we cannot say that the court erred in concluding that Carter possessed the gun in connection with his drug trafficking.

Carter's remaining counterarguments are unavailing. He suggests that because the government did not file drug trafficking charges against him, the enhancement should not apply.

But the Guidelines' commentary makes clear that the enhancement can apply "regardless of whether a criminal charge was brought." U.S.S.G. § 2K2.1(b)(6) cmt. n.14(C); *United States v. Shanklin*, 924 F.3d 905, 919 (6th Cir. 2019). Carter also argues that the district court erred because it "rubber-stamped" the PSR without hearing any sworn testimony that Carter possessed the firearm in connection with another felony offense. But the Federal Rules of Criminal Procedure permit sentencing courts to "accept any undisputed portion of the [PSR] as a finding of fact." Fed. R. Crim. P. 32(i)(3)(A); *United States v. Fuller-Ragland*, 931 F.3d 456, 465 (6th Cir. 2019). And Carter never challenged the factual recitations in the PSR that the district court used to support the enhancement.

The district court did not err in assessing the § 2K2.1(b)(6) enhancement.

\* \* \*

We AFFIRM.