NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0105n.06

No. 24-5354

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

QUINDALE PRESTON,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)

**FILED**
Feb 25, 2025
KELLY L. STEPHENS, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

OPINION

---

Before: McKEAGUE, KETHLEDGE, and READLER, Circuit Judges.

KETHLEDGE, Circuit Judge. Quindale Preston pled guilty to possessing a firearm as a convicted felon. Preston appeals his sentence, arguing that the district court erred when it applied a four-level enhancement for possessing a firearm in connection with another felony under U.S.S.G. § 2K2.1(b)(6)(B). We reject his arguments and affirm.

In September 2018, Murfreesboro police officers surveilled the home where Preston and his girlfriend lived. Over several weeks, officers observed foot traffic to and from the residence consistent with illegal drug activity. On two occasions weeks apart, officers found in Preston's garbage large plastic bags that contained marijuana residue. Officers thereafter obtained and executed a warrant to search the residence. During the search, officers retrieved a rifle—specifically, a Smith & Wesson M&P-15—in the attic of the attached garage. In a bedroom, they also found 38 grams of marijuana, $4,685 in cash, a digital scale, seven cellphones, and a gun box. Preston initially denied that the rifle was his, but later said it was his in recorded calls from the jail. In those calls, Preston complained that officers appeared to know exactly where he had hidden

the rifle. Investigators also recovered text messages between Preston and his girlfriend that quoted prices for drugs and set up times for Preston to deliver drugs.

A federal grand jury indicted Preston for possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). Preston pled guilty, admitting that he knew he had prior felony convictions that prohibited him from possessing a firearm. He had prior felony convictions for, among other things, selling marijuana in violation of Tennessee law. PSR ¶ 40. Preston entered a Rule 11(c) plea agreement, which he then breached by absconding for a year after state authorities charged him with unrelated sex offenses. After Preston's arrest, the government withdrew from the plea agreement and his sentencing proceeded under the guidelines.

Preston's presentence report recommended several enhancements, as well as a reduction for acceptance of responsibility. Preston objected to the four-level enhancement for possessing a firearm in connection with another felony offense under U.S.S.G. § 2K2.1(b)(6)(B), disputing only the connection between the rifle and his marijuana trafficking. The district court overruled his objection and sentenced Preston to 100 months in prison. This appeal followed.

Preston now argues that the district court erred when it applied § 2K2.1(b)(6)(B). That enhancement increases a defendant's offense level if the government proves by a preponderance of the evidence that a defendant "used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). When, as here, the other offense is a drug trafficking offense, the enhancement applies if the "firearm is found in close proximity" to a distribution quantity of drugs or other evidence of drug trafficking, because "the presence of the firearm has the potential of facilitating" the offense. *United States v. Angel*, 576 F.3d 318, 320 (6th Cir. 2009) (quoting U.S.S.G. § 2K2.1 cmt. n.14(B)(ii)). A sufficient connection exists "if it reasonably appears that the firearms found on the premises controlled or owned by a defendant

and his actual or constructive possession are to be used to protect the drugs or otherwise facilitate a drug transaction." *Id*. at 321 (quoting *United States v. Ennenga*, 263 F.3d 499, 503 (6th Cir. 2001)). We review the district court's factual findings for clear error and give deference to its determination that the firearm "was used or possessed in connection with" the other felony. *United States v. Taylor*, 648 F.3d 417, 432 (6th Cir. 2011).

The district court relied on undisputed facts (from the presentence report) that showed Preston was distributing marijuana from his house. Specifically, during a multi-week investigation, officers observed people come and go from the house consistent with drug trafficking and found large plastic bags with marijuana residue in the trash on separate occasions two weeks apart. Preston hid the rifle, which explains why officers did not find it in the same room as the marijuana, digital scale, seven cellphones, and $4,685 in cash. But we have not required immediate proximity between the gun and drugs: for example, in one case, we upheld an enhancement under § 2K2.1(b)(6)(B) where officers found a gun "in the upper west bedroom" and drugs "in the first-floor kitchen" of a home. *Taylor*, 648 F.3d at 432. Here, the court did not clearly err in concluding that there was a connection between Preston's marijuana trafficking from the house and his possession of the rifle.

Preston argues that, in making this finding, the district court applied the wrong standard, from a different guideline enhancement. The court indeed said that it was not "clearly improbable" that the firearm was possessed in connection with drug trafficking. PageID 258. And the phrase "clearly improbable" refers to the showing that a defendant must make to avoid an enhancement under a different guideline provision, when the defendant possessed a firearm "during" the drug offense. *See* U.S.S.G. § 2D1.1(b)(1) cmt. n.11(A). But, in ruling on the objection, the district court correctly recognized the question was whether the firearm "had the potential of facilitating

the other felony" and "a connection between firearms and drug dealing, particular[ly] protecting the drugs or the proceeds of the drug transactions here." PageID 259. After pointing to the evidence of marijuana trafficking found on the premises, the court concluded "by a preponderance of the evidence" that "the firearm was possessed in connection with another felony offense." PageID 259. On this record, we are satisfied that the court made its finding under the correct standard for the enhancement here.

The district court's judgment is affirmed.